# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COLLINS & AIKMAN CORPORATION, et al.[1] | ) Case No. 05-55927 (SWR) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) (Tax Identification #13-3489233) |
| | ) |
| COLLINS & AIKMAN CORPORATION, et al., | ) Honorable Steven W. Rhodes |
| | ) |
| Plaintiffs, | ) Adv. Proc. No. 06-04750-swr |
| | ) |
| v. | ) |
| | ) |
| GENERAL ELECTRIC CAPITAL CORPORATION and GE CAPITAL DE MEXICO, S. DE R. L. DE C.V., | ) **DEBTORS' MOTION FOR** |
| | ) **TEMPORARY RESTRAINING ORDER** |
| | ) **AND PRELIMINARY INJUNCTION** |
| | ) |
| Defendants. | ) |
| | ) |

---

[1] The Debtors in the jointly administered cases include: Collins & Aikman Corporation; Amco Convertible Fabrics, Inc., Case No. 05-55949; Becker Group, LLC (d/b/a/ Collins & Aikman Premier Mold), Case No. 05-55977; Brut Plastics, Inc., Case No. 05-55957; Collins & Aikman (Gibraltar) Limited, Case No. 05-55989; Collins & Aikman Accessory Mats, Inc. (f/k/a the Akro Corporation), Case No. 05-55952; Collins & Aikman Asset Services, Inc., Case No. 05-55959; Collins & Aikman Automotive (Argentina), Inc. (f/k/a Textron Automotive (Argentina), Inc.), Case No. 05-55965; Collins & Aikman Automotive (Asia), Inc. (f/k/a Textron Automotive (Asia), Inc.), Case No. 05-55991; Collins & Aikman Automotive Exteriors, Inc. (f/k/a Textron Automotive Exteriors, Inc.), Case No. 05-55958; Collins & Aikman Automotive Interiors, Inc. (f/k/a Textron Automotive Interiors, Inc.), Case No. 05-55956; Collins & Aikman Automotive International, Inc., Case No. 05-55980; Collins & Aikman Automotive International Services, Inc. (f/k/a Textron Automotive International Services, Inc.), Case No. 05-55985; Collins & Aikman Automotive Mats, LLC, Case No. 05-55969; Collins & Aikman Automotive Overseas Investment, Inc. (f/k/a Textron Automotive Overseas Investment, Inc.), Case No. 05-55978; Collins & Aikman Automotive Services, LLC, Case No. 05-55981; Collins & Aikman Canada Domestic Holding Company, Case No. 05-55930; Collins & Aikman Carpet & Acoustics (MI), Inc., Case No. 05-55982; Collins & Aikman Carpet & Acoustics (TN), Inc., Case No. 05-55984; Collins & Aikman Development Company, Case No. 05-55943; Collins & Aikman Europe, Inc., Case No. 05-55971; Collins & Aikman Fabrics, Inc. (d/b/a Joan Automotive Industries, Inc.), Case No. 05-55963; Collins & Aikman Intellimold, Inc. (d/b/a M&C Advanced Processes, Inc.), Case No. 05-55976; Collins & Aikman Interiors, Inc., Case No. 05-55970; Collins & Aikman International Corporation, Case No. 05-55951; Collins & Aikman Plastics, Inc., Case No. 05-55960; Collins & Aikman Products Co., Case No. 05-55932; Collins & Aikman Properties, Inc., Case No. 05-55964; Comet Acoustics, Inc., Case No. 05-55972; CW Management Corporation, Case No. 05-55979; Dura Convertible Systems, Inc., Case No. 05-55942; Gamble Development Company, Case No. 05-55974; JPS Automotive, Inc. (d/b/a PACJ, Inc.), Case No. 05-55935; New Baltimore Holdings, LLC, Case No. 05-55992; Owosso Thermal Forming, LLC, Case No. 05-55946; Southwest Laminates, Inc. (d/b/a Southwest Fabric Laminators Inc.), Case No. 05-55948; Wickes Asset Management, Inc., Case No. 05-55962; and Wickes Manufacturing Company, Case No. 05-55968.

# DEBTORS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

The above-captioned debtors (collectively, the "Debtors" or the "Plaintiffs") hereby move the Court (the "Motion") for the entry of a temporary restraining order and preliminary injunction, substantially in the form of **Exhibit A**, enjoining Defendants GE Capital de Mexico, S. de R. L. de C.V. and General Electric Capital Corporation (collectively, the "Defendants") from taking any action with respect to any asset, stock or other property interest of the Debtors and one of its non-Debtor subsidiaries, Collins & Aikman Automotive Hermosillo, S.A. de C.V. ("C&A Hermosillo"), pending a further hearing and/or final disposition of the Debtors' underlying claims for (a) violation of the automatic stay of section 362 of the Bankruptcy Code and (b) in the alternative, an injunction pursuant to section 105 of the Bankruptcy Code throughout the pendency of these chapter 11 cases. In support of this Motion, the Debtors rely upon the Verified Complaint and the Memorandum of Law in Support of Debtors' Motion for Temporary Restraining Order and Preliminary Injunction (the "Memorandum") filed contemporaneously with the Motion. The Debtors submit this Motion and the Memorandum pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure and sections 105(a) and 362(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

1. As set forth in the accompanying papers, the criteria to be considered in weighing a request for injunctive relief are: (a) the likelihood that the moving party will succeed on the merits; (b) whether the moving party will suffer irreparable harm in the absence of an injunction; (c) whether an injunction will serve the public interest; and (d) whether the balance of the equities supports the granting of an injunction. While a party need not satisfy all of these criteria to be entitled to injunction relief, the Debtors have satisfied each of these elements here.

2.      First, the Debtors are likely to succeed on the merits of both claims for relief. The Defendants' threatened conduct implicates the Debtors' business and property and interferes with the Debtors' reorganization efforts. As such, the threatened conduct is a violation of the automatic stay or should be enjoined under section 105 of the Bankruptcy Code.

3.      Second, absent the injunctive relief requested, the Debtors will suffer immediate and irreparable injury as a matter of law. Indeed, the harm posed by the Defendants' threatened conduct jeopardizes the Debtors' business, interferes with key customer relationships of the Debtors' and disrupts the Debtors' reorganization efforts.

4.      Third, the injunctive relief sought by the Debtors will serve the public interest by preserving the status quo and affording the Debtors the opportunity to pursue a successful reorganization. Such a reorganization will save jobs, sustain the economic vitality of several communities and ensure the continued valuable services and products that the Debtors provide to their customers.

5.      Fourth, and finally, the balance of the equities decidedly supports the granting of the requested relief. While the Debtors will suffer irreparable harm absent such relief, the Defendants will suffer no harm at all. Instead, the Defendants — who voluntarily waited for more than one year from the alleged Event of Default before taking action — merely will be required to wait for an additional limited period of time before attempting to commence their actions against C&A Hermosillo.

## Notice

6.      Notice of this Motion has been given to the Defendants as required by the Case Management Procedures.[2] In light of the nature of the relief requested, the Debtors submit that no further notice is required.[3]

## No Prior Request

7.      No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request the entry of temporary restraining order and preliminary injunction, substantially in the form attached hereto as **Exhibit A**, (a) enjoining the Defendants from taking any action with respect to the asset, stock or other property interest of the Debtors and one of its non-Debtor subsidiaries, C&A Hermosillo, pending final disposition of (i) any additional preliminary injunction hearing, or (ii) the Debtors' underlying claims for violation of the automatic stay of section 362 and, in the alternative, for an injunction pursuant to section 105. The Debtors request such other and further relief as is just and proper.

---

[2] Capitalized terms used in this paragraph not otherwise defined herein shall have the meanings set forth in the First Amended Notice, Case Management and Administrative Procedures filed on June 9, 2005 [Case No. 05-55927; Docket No. 294].

[3] Given the relief requested in the Motion, the Debtors respectfully submit that the Defendants would not concur with the relief sought herein and that making such a request would be futile. The Debtors, therefore, request that the Court waive the requirement set forth in Rule 9014-1(g) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan.

| Dated: May 31, 2006 | **KIRKLAND & ELLIS LLP** |
|---|---|
| | */s/ Marc J. Carmel* |

Richard M. Cieri (NY RC 6062)
Joseph Serino, Jr. (JS 9911)
Matthew Solum (MS 1616)
Citigroup Center
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

-and-

David L. Eaton (IL 3122303)
Ray C. Schrock (IL 6257005)
Marc J. Carmel (IL 6272032)
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

-and-

**CARSON FISCHER, P.L.C.**

Joseph M. Fischer (P13452)
4111 West Andover Road
West - Second Floor
Bloomfield Hills, Michigan 48302
Telephone: (248) 644-4840
Facsimile: (248) 644-1832

Co-Counsel for the Debtors